**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*if known*): _____ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition* for Non-Individuals Filing for Bankruptcy    06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**

   GWMP, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   N/A

3. **Debtor's federal Employer Identification Number (EIN)**

   N/A

4. **Debtor's address**

   **Principal place of business**

   15421    Front Beach Road
   Number    Street

   Panama City          FL      32413
   City                 State   ZIP Code

   Bay
   County

   **Mailing address, if different from principal place of business**

   Number      Street

   P.O. Box

   City          State      ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number      Street

   City          State      ZIP Code

5. **Debtor's website** (URL)     https://thedolphinco.com

*This petition has been prepared in accordance with currently available information and, if necessary, may be amended to the extent that new information becomes available.

Debtor    GWMP, LLC
_____    Case number *(if known)*_____
          Name

---

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

  7    1    3    1

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

　　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

　　☐ A plan is being filed with this petition.

　　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                                      MM / DD / YYYY

                District _____  When _____  Case number _____
                                      MM / DD / YYYY

---

Debtor  GWMP, LLC_____          Case number *(if known)*_____
             Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor  See attached Schedule 1_____     Relationship _____

                     District _____     When _____
                                                                                                          MM  /  DD  / YYYY

                     Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No

☑ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other  See First Day Declaration_____

**Where is the property?** _____
                                               Number        Street

                                               _____

                                               _____
                                               City                                                         State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

                     Contact name _____

                     Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors** (on a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☑ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

| Debtor | GWMP, LLC | Case number (if known) |
|---|---|---|
| | Name | |

| | | | | |
|---|---|---|---|---|
| **15. Estimated assets** (on a consolidated basis) | ☐ $0-$50,000 ☐ $50,001-$100,000 ☐ $100,001-$500,000 ☐ $500,001-$1 million | ☐ $1,000,001-$10 million ☐ $10,000,001-$50 million ☐ $50,000,001-$100 million ☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion ☐ $1,000,000,001-$10 billion ☐ $10,000,000,001-$50 billion ☐ More than $50 billion |
| **16. Estimated liabilities** (on a consolidated basis) | ☐ $0-$50,000 ☐ $50,001-$100,000 ☐ $100,001-$500,000 ☐ $500,001-$1 million | ☐ $1,000,001-$10 million ☐ $10,000,001-$50 million ☐ $50,000,001-$100 million ☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion ☐ $1,000,000,001-$10 billion ☐ $10,000,000,001-$50 billion ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/31/2025
                        MM / DD / YYYY

✗ /s/ Steven Robert Strom                                Steven Robert Strom
Signature of authorized representative of debtor          Printed name

Title  Authorized Person

**18. Signature of attorney**

✗ /s/ Robert S. Brady                    Date    03/31/2025
Signature of attorney for debtor                MM / DD / YYYY

Robert S. Brady
Printed name

Young Conway Stargatt & Taylor LLP
Firm name

1000 North King Street
Number      Street

Wilmington                              DE          19801
City                                    State       ZIP Code

302.571.6600                            rbrady@ycst.com
Contact phone                           Email address

2847                                    DE
Bar number                              State

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company |
| --- |
| Aqua Tours, S.A. de C.V. |
| Dolphin Austral Holdings, S.A. de C.V. |
| Dolphin Capital Company, S. de R.L. de C.V. |
| Dolphin Leisure, Inc. |
| Ejecutivos de Turismo Sustentable, S.A. de C.V. |
| Gulf World Marine Park, Inc. |
| GWMP, LLC |
| Icarus Investments Holdings LLC |
| Leisure Investments Holdings LLC |
| Marineland Leisure Inc. |
| MS Leisure Company |
| Promotora Garrafón, S.A. de C.V. |
| The Dolphin Connection, Inc. |
| Triton Investments Holdings LLC |
| Viajero Cibernético S.A. de C.V. |

*Execution Version*

**GWMP, LLC**
(a Florida limited liability company)

**Written Consent of**

**The Board of Managers**

**and**

**The Sole Member**

**In Lieu of a Meeting**

Effective as of March 30, 2025

Pursuant to the Florida Limited Liability Company Act (the "***Act***") and the Third Amended and Restated Operating Agreement of the Company, dated April 19, 2022 (the "***Operating Agreement***"), Dolphin Leisure, Inc., the first undersigned, being the sole manager (the "***Independent Director***") of the Board of Managers (the "***Board***") of GWMP, LLC, a Florida limited liability company (the "***Company***"), does hereby consent to the following actions, which shall constitute a meeting of the Board, and the Independent Director hereby adopts the following resolutions by written consent in lieu of a meeting of the Board and hereby directs that this consent be filed with the minutes of the proceedings of the Board; and Dolphin Leisure, Inc. ("***Dolphin Leisure***"), the second undersigned being the holder of the sole membership interest of the Company (the "***Sole Member***"), does hereby consent to the following actions, which shall constitute a meeting of the Sole Member, and the Sole Member hereby adopts the following resolutions by written consent in lieu of a meeting of the Sole Member:

**WHEREAS**, the Board, with the assistance of the legal and financial advisors of the Company, has been conducting a review of the business, financial, and operational circumstances of the Company, the strategic alternatives of the Company under the circumstances, and the recommendations of the Company's advisors;

NOW, THEREFORE, BE IT:

**Commencement of Chapter 11 Case**

**RESOLVED**, the Board has determined, after consultation with the Chief Restructuring Officer (the "***CRO***") and the Company's advisors, that it is desirable and in the best interests of the Company and its stakeholders that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"); and be it further

**RESOLVED**, that any member, officer or manager of the Company, including, without limitation, the Independent Director and CRO (each, an "***Authorized Officer***"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, to negotiate, execute, verify, deliver and file, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, affidavits, declarations, orders, notices and other papers (collectively, the "***Chapter 11 Filings***") (with such changes therein and additions thereto as such Authorized Officer may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by such Authorized Officer with any changes thereto to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard) in the Bankruptcy Court, and, in

connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper or desirable in connection with the Company's chapter 11 case (the "***Chapter 11 Case***"), including negotiating, executing, delivering, performing and filing any and all documents, schedules, statements, lists, papers, agreements, certificates and instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case, the transactions and professional retentions set forth in this resolution; and be it further

## Debtor-in-Possession Financing

**RESOLVED**, that in connection with the Chapter 11 Case, the Board has determined that it is in the best interests of the Company to consummate the transactions under that certain super-priority senior secured debtor-in-possession credit facility in an aggregate principal amount of up to $8,000,000 to be evidenced by that certain Debtor-in-Possession Credit Agreement, by and among Triton Investments Holdings, LLC, as borrower, and each of its subsidiary entities identified therein or form time to time party thereto, as guarantors, the lenders from time to time party thereto (the "***Lenders***"), and the administrative agent for the Lenders (in such capacity and together with its successors, the "***Agent***") (on the terms and conditions substantially similar to those set forth in the form previously provided to the Board, together with the exhibits and schedules attached thereto, the "***DIP Credit Agreement***"), in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct of the business of the Company (the "***Debtor-in-Possession Financing***"), and be it further

**RESOLVED**, that the execution and delivery of the DIP Credit Agreement and the DIP Financing Documents (as defined below) by the Company and the consummation by the Company of the transactions contemplated thereunder, including (i) the guaranty of the obligations thereunder as provided in any guaranty, (ii) the grant of a security interest and liens upon substantially all of the Company's assets in favor of the secured parties (including the authorization of financing statements in connection with liens), and (iii) the execution, delivery and performance of all other agreements, instruments, documents, notices or certificates constituting exhibits to the DIP Credit Agreement or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including interest rate or currency hedging arrangements (each a "***DIP Financing Document***" and collectively, the "***DIP Financing Documents***"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under or in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby severally authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver the DIP Credit Agreement and any other DIP Financing Document to which the Company is a party, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the DIP Credit Agreement and such DIP Financing Documents with any changes thereto by the relevant Authorized Officer, to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard; and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case and (ii) any and all of the other agreements, including any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and filed in connection with the Debtor-in-Possession Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Document, in the name and on behalf of the Company, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement and any other DIP Financing Document, including the granting of security thereunder; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Credit Agreement and any other DIP Financing Document to secure all of the obligations and liabilities of the Company thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and deliver to the Agent, on behalf of the Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions, including to pay all fees and expenses, in accordance with the terms of the DIP Credit Agreement and any other DIP Financing Document, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement or any other DIP Financing Document and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

**ACKNOWLEDGED**, that the terms of, the entry into and performance by the Company into the DIP Credit Agreement and any other DIP Financing Document are in the best interest of the Company; and be it further

### Retention of Professionals

**RESOLVED**, that, in connection with the Chapter 11 Case, any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of the Company, that such Authorized Officer deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

**RESOLVED**, that each of the entities set forth on **Schedule** "**A**" hereto is hereby retained in its respective capacity as the applicable advisor or professional for the Company in the Chapter 11 Case as set forth opposite its name therein, in each case, subject to Bankruptcy Court approval; and be it further

**<u>General Authorizations; Ratification of Past Acts</u>**

  **RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds that, in the judgment of such Authorized Officer, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case, including (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, notes, certificates, or other documents that may be required, (ii) the execution, delivery, certification, recordation, performance under and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Officer, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Officer deemed the same to meet such standard; and be it further

  **RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and be it further

  **RESOLVED**, that any Authorized Officer is expressly authorized, individually, with the right to substitution and expressly authorized to represent various parties in the same matter (multiple representation), to do and procure to be done or deliver all and any such acts and things as may be required, necessary of advantageous in his sole opinion in order to implement the aforementioned resolutions; and be it further

  **RESOLVED**, that this written consent be, and hereby is, directed to be inserted in the permanent records of the Company; and be it further

  **RESOLVED**, that these resolutions may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, but all such counterparts together shall constitute one and the same instrument.

*[Signature page follows]*

*[Rest of the page intentionally left blank]*

The undersigned has executed and delivered this Written Consent of the Board and of the Sole Member effective as of the date first written above.

**Dolphin Leisure, Inc.**


*/s/ Steven Robert Strom*
  Name: Steven Robert Strom
  Title: Independent Director


**Member**:
Dolphin Leisure, Inc.


By: */s/ Steven Robert Strom*
Name: Steven Robert Strom
Title: Independent Director

*[Signature Page - Written Consent of the Sole Stockholder of GWMP, LLC]*

**Schedule "A"**

| Entity Name and Location | Capacity as Advisor or Professional |
|---|---|
| Young Conaway Stargatt & Taylor, LLP | Counsel to the Company |
| Riveron Management Services, LLC | Restructuring Advisor to the Company |

33026856.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LEISURE INVESTMENTS HOLDINGS LLC, *et al.*,[1] | Case No. 25-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY INTEREST HOLDERS PURSUANT**
**TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy

Procedure, the above-captioned debtors and debtors in possession (each, a "**Debtor**" and,

collectively, the "**Debtors**") hereby state as follows:

1.      For purposes of these chapter 11 cases, the mailing address of Debtor Leisure Investments Holdings LLC ("**LIH**") and each of its subsidiaries is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

2.      Debtor LIH is wholly owned by TDC Leisure Holdings LLC ("**TDC Holdings**"), whose address is Av. Banco Chinchorro Esquina Acanceh MZA 1, LT 8 SM 13 C.P. 77504, Cancun Quintana Roo México.

3.      Debtor Triton Investments Holdings LLC ("**TIH**") is wholly owned by LIH.

4.      Debtors MS Leisure Company and Icarus Investments Holdings LLC are wholly owned by TIH.

5.      Debtor Ejecutivos de Turismo Sustentable, S.A. de C.V. is 1% owned by LIH and 99% owned by CIBanco, S.A., Institución de Banca Múltiple, as trustee under the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows:  Leisure Investments Holdings LLC (7260); Triton Investments Holdings LLC (6416); MS Leisure Company (7257); Icarus Investments Holdings LLC (2636); Ejecutivos de Turismo Sustentable S.A. de C.V. (5CA4); Dolphin Capital Company, S. de R.L. de C.V. (21H8); Dolphin Leisure, Inc. (7073); Dolphin Austral Holdings, S.A. de C.V. (6A13); Aqua Tours, S.A. de C.V. (6586); Viajero Cibernético, S.A. de C.V. (1CZ7); Promotora Garrafón, S.A. de C.V. (0KA2); Marineland Leisure, Inc. (7388); GWMP, LLC (N/A); Gulf World Marine Park, Inc. (0348); and The Dolphin Connection, Inc. (0322).  For the purposes of these chapter 11 cases, the address for the Debtors is Leisure Investments Holdings LLC, c/o Riveron Management Services, LLC, 600 Brickell Avenue, Suite 2550, Miami, FL 33131.

33016903.1

Irrevocable Guaranty Trust number CIB/2380 Plaza Campos Eliseos Uno, (Mariano Escobedo #595), Polanco Section V, Miguel Hidalgo, Zip Code 11560, Mexico City, Mexico ("**CIBanco**").[2]

6.    Debtor Dolphin Leisure, Inc. ("**Dolphin Leisure**") is wholly owned by Controladora Dolphin SA de CV.

7.    Debtors Marineland Leisure Inc., GWMP, LLC, Gulf World Marine Park, Inc., and The Dolphin Connection, Inc. are each wholly owned by Dolphin Leisure.

8.    Debtor Dolphin Capital Company, S. de R.L. de C.V. is .0004% owned by TDC Leisure Holdings LLC and 99.9996% owned by CIBanco, as trustee.

9.    Debtor Dolphin Austral Holdings, S.A. de C.V. is 99% owned by CIBanco, as trustee, and 1% owned by Eduardo Albor Villanueva, whose address is available upon request.

10.    Debtors Viajero Cibernético, S.A. de C.V., Aqua Tours, S.A. de C.V., and Promotora Garrafón, S.A. de C.V. are each 99.99% owned by CIBanco, as trustee, and 0.01% owned by Eduardo Albor Villanueva.

---

[2]    Ninety-nine percent or more of the equity interest in each entity organized under the laws of Mexico (each, an "**MX Entity**") is held by CIBanco, S.A., Institución de Banca Múltiple, as trustee under the Irrevocable Guaranty Trust number CIB/2380 Plaza Campos Eliseos Uno, (Mariano Escobedo #595), and one percent or less of the equity interest in each MX Entity is held by a second entity or individual.  Mexican law does not permit its corporate entities to be wholly-owned and requires each entity have at least two equity holders.

**Fill in this information to identify the case:**

Debtor name _GWMP, LLC_

United States Bankruptcy Court for the: _____ District of _Delaware_
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | To be provided | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Debtor _____     Case number *(if known)*_____
                    Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | | | | | | |
| 10 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case and this filing:</b></td></tr>
<tr><td>Debtor Name</td><td>GWMP, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware<br>(State)</td></tr>
<tr><td>Case number (If known):</td><td></td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration  Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/31/2025          ✗ /s/ Steven Robert Strom
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                  Steven Robert Strom
                                  Printed name

                                  Authorized Person
                                  Position or relationship to debtor